**FILED**

**May 10, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 9:20 A.M. EASTERN**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **ELIZABETH RENEE JONES,** | ) | **Docket No.: 2016-03-0566** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| **BLACK'S MOBILE DETAILING** | ) | **State File No.: 40660-2016** |
| **SERVICE,** | ) | |
| **Employer.** | ) | **Judge Lisa A. Lowe** |
| | ) | |

### COMPENSATION HEARING ORDER
### (DECISION ON THE RECORD)

This matter came before the Court for a Compensation Hearing on May 8, 2018. The issues are Ms. Jones' entitlement to future medical treatment and permanent partial disability (PPD) benefits.[1] For the reasons below, this Court finds that Ms. Jones established by a preponderance of the evidence that she is entitled to future medical treatment. However, she failed to establish by a preponderance of the evidence that she sustained any permanent medical impairment resulting in entitlement to PPD benefits.

**History of Claim**

Ms. Jones filed three Requests for Expedited Hearing in this matter. At the conclusion of the first Expedited Hearing, the Court held Ms. Jones sustained an accidental injury to her left foot caused by a specific incident arising primarily out of and in the course and scope of her employment for Black's Mobile Detailing, an uninsured employer. The Court awarded medical benefits with Dr. Chris Testerman as the authorized treating physician. After the second Expedited Hearing, the Court held Ms. Jones was entitled to eighteen weeks of past temporary disability benefits from May 27 through September 29, 2016, totaling $7,019.82. Following the third Expedited Hearing,

---

[1] Both Ms. Jones and Black's Mobile Detailing are self-represented. At the Scheduling Hearing, the parties agreed for the Court to conduct the Compensation Hearing on the written record. Both were provided the opportunity to submit additional evidence, but neither did.

1

the Court held Ms. Jones was entitled to past temporary disability benefits from January 9 through February 17, 2017, in the amount of $2,339.94.

Ms. Jones treated with Dr. Testerman for almost two years. During her last visit, x-rays revealed Ms. Jones' foot healed with no mechanical problems. On October 25, 2017, Dr. Testerman placed Ms. Jones at maximum medical improvement and indicated she retained no permanent impairment as a result of the work injury.

### Findings of Fact and Conclusions of Law

"At a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6).

*Compensability and Medical Benefits*

The Court previously held that Ms. Jones sustained an accidental injury to her left foot caused by a specific incident arising primarily out of and in the course and scope of her employment. Black's Mobile Detailing offered no evidence at the Compensation Hearing to refute the Court's finding. Therefore, the Court holds that Ms. Jones established by a preponderance of the evidence that she sustained a compensable work-related injury. As this is a compensable claim, the Court holds Ms. Jones is entitled to reasonably necessary future medical treatment recommended by her authorized treating physician, Dr. Testerman, under Tennessee Code Annotated section 50-6-204.

*Permanent Impairment/PPD*

The only medical proof addressing permanency is Dr. Testerman's note, in which she stated, "Based on the previous evaluation of Ms. Jones, there is 0% permanent impairment rating." Ms. Jones failed to offer a contrary medical opinion to establish that she sustained permanent impairment. Therefore, the Court holds she is not entitled to PPD benefits.

*Payment of Benefits*

Although this Court holds Ms. Jones is entitled to future reasonably necessary medical treatment, payment might not occur, as Black's Mobile Detailing did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1), however, the Administrator has discretion to pay medical benefits from the Uninsured Employers Fund to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;

(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;

(3) The employee was a Tennessee resident on the date of the injury; and

(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2017).

In the previous orders, the Court adopted the findings contained in the Bureau's Investigation Report, admitted into evidence without objection as Exhibit 3. Based on the testimony and evidence introduced at the prior Expedited Hearings, the Court found:

(1) Black's failed to carry workers' compensation insurance;

(2) Ms. Jones suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;

(3) Ms. Jones was a Tennessee resident on May 23, 2016, the date of the injury;

(4) Ms. Jones provided notice to the Bureau of the injury and Black's failure to provide workers' compensation within sixty days after the injury occurred; and

(5) Ms. Jones is entitled to past and on-going medical benefits.

Based on those findings, the Court holds Ms. Jones met the statutory criteria to receive medical benefits from the Uninsured Employers Fund, subject to the Administrator's discretion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Jones is not entitled to permanent partial disability benefits.

2. Ms. Jones shall receive future medical benefits under the statute with Dr. Testerman designated as the authorized treating physician.

3. Ms. Jones is eligible to receive future medical benefits at the discretion of the Administrator from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment for future treatment.

4. Costs of $150.00 are assessed against Black's Mobile Detailing under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five days of entry of this order. It shall also file Form SD-2 within that timeframe.

5. Absent an appeal of this order, it shall become final thirty days after issuance.

**ENTERED May 10, 2018.**

_(signature)_

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

       EXHIBIT 1: Affidavit of Elizabeth Jones
       EXHIBIT 2: Affidavit of Mariah R. Paz
       EXHIBIT 3: Expedited Request for Investigation Report by Kimberly Stoner
       EXHIBIT 4: Medical Records of North Knoxville Medical Center
       EXHIBIT 5: Medical Records from Dr. Chris Testerman
       EXHIBIT 6: Dr. Testerman's zero-percent impairment rating

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. First Request for Expedited Hearing
4. Amended Dispute Certification Notice
5. Expedited Hearing Order Granting Medical Benefits
6. Second Request for Expedited Hearing
7. Expedited Hearing Order Granting Past Temporary Disability Benefits
8. Third Request for Expedited Hearing
9. Request for Taxpayer Identification Number and Certification, Form W-9
10. Handwritten Statement of Average Pay and Wage Statement
11. Expedited Hearing Order Granting Past Temporary Partial Disability Benefits

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on May 10, 2018.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|------|----------------|-----|-----------|------------------|
| Elizabeth Renee Jones, Self-Represented Employee | | | X | Mariahpaz38@gmail.com |
| Shawn Black, Self-Represented Employer | | | X | blackdemont@yahoo.com |
| LaShawn Pender, Program Coordinator | | | X | Lashawn.pender@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**